UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK E. FARRELL,

    Petitioner,

v.                                    Case No. 6:07-cv-1036-Orl-35KRS

JAMES MCDONOUGH, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 10).

*Procedural History*

Petitioner was charged by information with four counts of capital sexual battery. A jury trial was held, and Petitioner was found guilty as charged in the information. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of life as to each count, with the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on May 13, 2003. Mandate was issued on May 30, 2003. Petitioner

filed a motion to withdraw mandate on October 27, 2004,[1] with the state appellate court, and the motion was denied.

On June 1, 2005, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief with the state trial court, which was denied on October 16, 2006. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on February 20, 2007. Mandate was issued on April 5, 2007.

The instant habeas petition was filed on June 15, 2007, under the mailbox rule.

***Petitioner's Habeas Petition is Untimely***

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final under Florida law on May 30, 2003, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on August 11, 2003, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until August 11, 2004, absent any tolling, to file a federal habeas petition regarding such conviction. As mentioned above, Petitioner's initial federal habeas petition was filed on June 15, 2007.

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. There was no tolling in this case because Petitioner's postconviction motion was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Petitioner mentions that equitable tolling should apply because he was unaware that the state appellate court had issued its mandate with regard to his direct appeal. However, the state appellate court, in addressing his request to withdraw mandate, found that the mandate had been forwarded to Petitioner's address of record and that Petitioner had not notified the court of any change of address prior to issuance of its decision and mandate.

The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Equitable tolling is an extraordinary remedy which is typically applied sparingly.

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted) (citations omitted). Petitioner has failed to meet the requirements for equitable tolling.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Patrick E. Farrell (Doc. No. 1) is denied, and this case is **DISMISSED WITH PREJUDICE**.

4

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 27th day of February, 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/27
Counsel of Record
Patrick E. Farrell